RECEIVED
FEB 0 3 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of Iowa |
|---|---|---|
| Name (under which you were convicted): Matthew Dylan Rinehart | | Docket or Case No.: 21-CR-00108 |
| Place of Confinement: Forrest City FCI-Low | | Prisoner No.: 58433-509 |
| UNITED STATES OF AMERICA | v. | Movant (include name under which convicted) Matthew Dylan Rinehart |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court For The Southern District of Iowa 110 East Court Avenue, Des Moines, IA 50309

   (b) Criminal docket or case number (if you know): 21-CR-00108

2. (a) Date of the judgment of conviction (if you know): February 4th, 2022
   (b) Date of sentencing: January 6th, 2022

3. Length of sentence: 180 Months

4. Nature of crime (all counts):
   1. Distribution of Child Pornography.
   2. Receipt of Child Pornography.
   3. Possession of Child Pornography.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Pled guilty to all 3 Counts.

6. If you went to trial, what kind of trial did you have? (Check one) N/A  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: __Eighth Circuit Court of Appeals__
   (b) Docket or case number (if you know): _____
   (c) Result: __Defendant Motiont was granted a Motion to Dismiss__
   (d) Date of result (if you know): __February 4th, 2022__
   (e) Citation to the case (if you know): __22-CR-01128__
   (f) Grounds raised: __Sentence Disparity.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know): __N/A__
      (2) Result: __N/A__
            __N/A__
      (3) Date of result (if you know): __N/A__
      (4) Citation to the case (if you know): __N/A__
      (5) Grounds raised:

            __N/A__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __N/A__
        (2) Docket or case number (if you know): __N/A__
        (3) Date of filing (if you know): __N/A__

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: NIA
(5) Grounds raised: NIA

NIA

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☒
(7) Result: NIA
(8) Date of result (if you know): NIA

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: NIA
(2) Docket of case number (if you know): NIA
(3) Date of filing (if you know): NIA
(4) Nature of the proceeding: NIA
(5) Grounds raised: NIA

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐  No ☐
(7) Result: NIA
(8) Date of result (if you know): NIA

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition: Yes ☐ No ☒
(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

NIA

Page 4 of 13

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

I did not understand the proceedings, I was confused + in shock.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐   N/A

Page 5 of 13

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

I did not understand the responsibilities of my Attorney, or the procedures of the process.

**GROUND TWO:** Police Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- The arresting officers told Mr. Rinehart that, he should just kill himself to make their jobs easier.
- The investigators initially interviewed Mr. Rinehart without reading, or having him consent to waiving his Miranda rights.
- The Police disregarded Mr. Rinehart's several requests for an Attorney.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

_I did not know there was anything wrong with this conduct._

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _NIA_

Name and location of the court where the motion or petition was filed: _NIA_

Docket or case number (if you know): _NIA_

Date of the court's decision: _NIA_

Result (attach a copy of the court's opinion or order, if available):

_NIA_

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐  _NIA_

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐  _NIA_

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐  _NIA_

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _NIA_

Docket or case number (if you know): _NIA_

Date of the court's decision: _NIA_

Result (attach a copy of the court's opinion or order, if available):

_NIA_

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_I did not know anything was illegal about this investigation, or my interaction with the police. Found out after, as I have been researching law._

AO 243 (Rev. 09/17)

**GROUND THREE:** The Court did NOT Consider Mitigating Factors.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
       N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐   N/A
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed: N/A
   Docket or case number (if you know): N/A
   Date of the court's decision: N/A
   Result (attach a copy of the court's opinion or order, if available):
   N/A
   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐   N/A
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐   N/A
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐   N/A

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **NIA**

Docket or case number (if you know): **NIA**

Date of the court's decision: **NIA**

Result (attach a copy of the court's opinion or order, if available): **NIA**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **I did not understand mitigating factors should have been brought up.**

**GROUND FOUR:** **The Court never allowed for, or requested that Defendant be evaluated by a Forensic Psychiatrist.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE Attached.**

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **NIA**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state: **NIA**

Page 9 of 13

AO 243 (Rev. 09/17)

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐   **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **I did not understand the state of my mind, or my years of abuse had any effect on my sentence, or understanding my family history.**

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

**All of them. Ineffective Assistance Counsel.**

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    NIA

    NIA

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing: Joseph D. Herrold, 400 Locust St., Suite 340, Des Moines, IA 50309

    (b) At the arraignment and plea: Joseph D. Herrold, 400 Locust St., Suite 340, Des Moines, IA 50309

    (c) At the trial: Plea Agreement

    (d) At sentencing: Joseph D. Herrold, 400 Locust Street, Suite 340, Des Moines, IA 50309

    (e) On appeal: Heather Quick, 222 Third Ave SE, Suite 290, Cedar Rapids, IA 52401

    (f) In any post-conviction proceeding: PRO-SE

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    NIA

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    NIA

    (b) Give the date the other sentence was imposed: NIA
    (c) Give the length of the other sentence: NIA
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Mr. Rinehart's judgment became final on February 4th, 2022, after the Eighth Circuit Court of Appeals granted Mr. Rinehart's motion to dismiss the appeal. Therefore, Mr. Rinehart **must** file a § 2255 Petion by February 3rd, 2023.

I pray that this Court will grant the relief requested in this § 2255 filing.

Thank you!
God Bless.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate Sentence, Remand for future hearings, Appoint Counsel, approve a psych. evaluation.
or any other relief to which movant may be entitled.

_____NIA (Pro-Se)_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___January 20, 2023___.
(month, date, year)

Executed (signed) on ___January 19th, 2023___ (date)

_____[signature]_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

A Writ of Habeas Corpus (Latin for "that you have the body") may be filed on behalf of a person who is unlawfully imprisoned. Generally, a 28 U.S.C. § 2255 motion must be filed within one year, triggered by the latest of the following four events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the client was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Generally, a defendant has one year from the date on which his or her judgment of conviction becomes final; or the date on which a Federal Court of Appeals renders a decision; or the date on which the United States Supreme Court denies an application for a writ of certiorari whichever is later, to file a § 2255 motion. Occasionally a defendant may be able to file a § 2255 motion beyond that date when a new year-long limitation period is triggered by one of the other events listed above. Defendants in most cases are only able to submit one § 2255 motion. Defendants may only submit a second § 2255 motion on the same final judgment when (i) there is newly discovered evidence of factual innocence; or (ii) the Supreme Court has established a new constitutional rule of law that it has expressly ruled may apply retroactively to a § 2255 motion. A § 2255 motion identifies issues that are not in the trial record. Generally, a § 2255 motion may be premised on: a coerced plea; a coerced confession; the use of evidence obtained from an improper search and seizure; the use of evidence obtained from an unlawful arrest; a violation of the privilege against self-incrimination; a failure by the prosecution to disclose favorable evidence to the client; a violation of double jeopardy; or a denial of a right to effective assistance of counsel, among other things. Here, a § 2255 petition may be based on the following as it relates to the voluntariness of Mr. Rinehart's plea: Ineffective Assistance of Counsel, including but not limited to: Defense counsel failed to adequately ensure that Mr. Rinehart entered the plea knowingly and voluntarily and that he understood the rights that he was giving up. For example, defense counsel told Mr. Rinehart he would answer any questions he had after the court took his plea. In addition, defense counsel convinced Mr. Rinehart to waive his appellate rights. Defense counsel may not have conducted a thorough investigation into the evidence against Mr. Rinehart, including but not limited to: family circumstances; Mr. Rinehart's grandfather; the email correspondence between Mr. Rinehart and his grandfather; childhood abuse/trauma; Mr. Rinehart's mental health issues; PTSD from military service; Mr. Rinehart's medications and any relevant side effects; the Dell laptop; the Western Digital solid-state drive; the Samsung Galaxy S21 Ultra smartphone; Facebook Messenger; WhatsApp. Defense counsel failed to retain the services of a competent private investigator on behalf of Mr. Rinehart. Defense counsel failed to retain the services of competent experts on behalf of Mr. Rinehart, including but not limited to: a forensic computer analyst; a childhood trauma expert. Defense counsel failed to effectively communicate with Mr. Rinehart, thereby denying him the opportunity to participate in the formulation of a viable defense. Defense counsel failed to communicate with Mr. Rinehart's wife and include her in the case, as requested by Mr. Rinehart. Had counsel done so, Mr. Rinehart's wife would have been able to help him understand the charges against him, the potential courses of action, and the consequences of pleading guilty. Defense counsel was not completely prepared to represent Mr. Rinehart and was not completely prepared for the possibility that Mr. Rinehart would choose to go to trial. This effectively pressured Mr. Rinehart to enter a plea of guilty. Defense counsel failed to argue Mr. Rinehart's childhood abuse as a mitigating circumstance. Mr. Rinehart was sadly molested by his grandfather, who had recently reached out to Mr. Rinehart at the time of the crime and had

asked Mr. Rinehart to send him photos of Mr. Rinehart.   Defense counsel failed to effectively negotiate a plea deal on behalf of Mr. Rinehart. Mr. Rinehart had a minimal criminal history, the crime did not cause death or serious bodily injury, and he quickly accepted responsibility.   Defense counsel falsely told Mr. Rinehart that he would be sentenced to no more than five years if he accepted the plea agreement.   Defense counsel failed to adequately represent Mr. Rinehart during the sentencing process by arguing for a more significant downward variance and effectively articulating the basis for such a variance. Counsel failed to effectively present multiple mitigating factors which included numerous positive character references, Mr. Rinehart's struggle with mental health issues and PTSD, the effects of childhood trauma and his quick acceptance of accountability.  Police misconduct, including but not limited to:   The arresting officers told Mr. Rinehart that he should just kill himself to make their jobs easier.  As part of the plea agreement, Mr. Rinehart waived any and all rights to contest his conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. However, there remains an exception to raise claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement, September 7, 2021.) Mr. Rinehart's judgment became final on February 4, 2022, after the Eighth Circuit Court of Appeals granted Mr. Rinehart's motion to dismiss the appeal.

Matthew Dylan Rinehart #58433-509
Forrest City FCI - Low
Po Box 9000
Forrest City, AR 72336

RECEIVED
FEB 0 3 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
X-RAYED & CLEARED BY U.S.M.S. ____

7021 2720 0003 0056 3253



Clerk - John Courter
United States District Court
Southern District of Iowa
110 East Court Ave
Des Moines, IA 50309

* Case 21-CR-00108